**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA BOSHOKU JACKSON TENNESSEE, LLC f/k/a TOYOTA BOSHOKU OF TENNESSEE, and TOYOTA BOSHOKU AMERICA, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No: 1:26-cv-01139-JDB-jay |

**DEFENDANT TOYOTA BOSHOKU AMERICA, INC.'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Toyota Boshoku America, Inc. ("Defendant" or "TBA")[1] by and through undersigned counsel, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby files its Answer and Affirmative and Other Defenses to Plaintiff's Complaint and states the following.

**UNNUMBERED PARAGRAPH**

The first, prefatory unnumbered paragraph is not framed in a manner that requires a response, but to the extent a response may be required, TBA denies any allegations set forth in the first, prefatory unnumbered paragraph.

The second, prefatory unnumbered paragraph is not framed in a manner that requires a response, but to the extent a response may be required, TBA denies any allegations set forth in the second, prefatory unnumbered paragraph.

[1] Defendant Toyota Boshoku Jackson Tennessee, LLC, frequently referred to in the Complaint as "TBJT," has filed a Motion to Dismiss. Therefore, TBA is answering the Complaint solely on its own behalf.

The third, prefatory unnumbered paragraph is not framed in a manner that requires a response, but to the extent a response may be required, TBA denies any allegations set forth in the third, prefatory unnumbered paragraph.

**JURISDICTION AND VENUE**

1. Numerical Paragraph 1 of the Complaint is not framed in a manner that requires a response, but to the extent a response may be required, TBA admits that this Court has subject matter jurisdiction.

2. With respect to Numerical Paragraph 2 of the Complaint, TBA admits that venue is proper in the Eastern Division of the Western District of Tennessee but denies that it engaged in unlawful employment practices. TBA denies any allegations contained in that paragraph not expressly admitted.

**THE PARTIES**

3. Numerical Paragraph 3 of the Complaint is not framed in a manner that requires a response, but to the extent a response is required, TBA states that statutory provisions cited speak for themselves.

4. TBA denies the allegations in Numerical Paragraph 4 of the Complaint.

5. TBA admits the allegation that its principal office is located at 1360 Dolwick Drive, Erlanger, Kentucky but denies the remaining allegations in Numerical Paragraph 5 of the Complaint as specifically pled.

6. TBA admits the allegations in Numerical Paragraph 6 of the Complaint.

7. TBA admits the allegations in Numerical Paragraph 7 of the Complaint.

8. TBA admits the allegations in Numerical Paragraph 8 of the Complaint.

9. TBA admits the allegations in Numerical Paragraph 9 of the Complaint.

10. TBA has insufficient information to either admit or deny the allegation, contained in Numerical Paragraph 10 of the Complaint, that "each employee in Jackson, Tennessee" learns, during onboarding, they may see assistance from TBA's Employee Assistance Program and, therefore, denies that allegation. TBA admits, upon information and belief, each employee of TBJT is given that information during onboarding. TBA denies any allegations contained in that paragraph not expressly admitted.

11. TBA has insufficient information to either admit or deny the allegation, contained in Numerical Paragraph 11, that employees read letters on TBA's letterhead. TBA, therefore, denies that allegation. TBA admits its letterhead bears its 1360 Dolwick Drive address in Erlanger, Kentucky. TBA denies any allegations contained in that paragraph not expressly admitted.

12. TBA denies the allegations in Numerical Paragraph 12 of the Complaint as specifically pled.

13. With respect to the allegation, contained in Numerical Paragraph 11, that "employees acknowledged receipt of TBA's Team Member Handbook," TBA admits TBA employees typically must acknowledge receipt of TBA's Team Member Handbook. If, however, the allegation is intended to pertain to specific employees, TBA must deny the allegation for lack of specificity. TBA denies any allegations contained in that paragraph not expressly admitted.

14. TBA admits the allegations contained in Numerical Paragraph 14 of the Complaint.

15. With respect to the allegation, contained in Numerical Paragraph 15, TBA lacks sufficient information to know what document Plaintiff describes as "The Harassment Policy" and, therefore, denies the allegations contained in that paragraph.

16. TBA admits the allegations contained in Numerical Paragraph 16 of the Complaint.

17. TBA denies the allegations in Numerical Paragraph 17 of the Complaint as specifically pled.

18. TBA denies the allegations in Numerical Paragraph 18 of the Complaint as specifically pled.

19. TBA denies the allegations in Numerical Paragraph 19 of the Complaint as specifically pled.

20. TBA denies the allegations in Numerical Paragraph 20 of the Complaint as specifically pled.

21. With respect to Numerical Paragraph 21, TBA denies knowledge of any investigation conducted by the EEOC at TBJT. TBA denies any allegations contained in that paragraph not expressly admitted.

22. TBA denies the allegations in Numerical Paragraph 22 as specifically pled.

23. TBA denies the allegations in Numerical Paragraph 23 of the Complaint as directed to TBA.

24. With respect to Numerical Paragraph 24 of the Complaint, TBA admits TBA is and, at all times relevant to the allegations of the Complaint, has continuously been an employer engaged in an industry affecting commerce within the meaning of in the meaning of § 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h). TBA denies any allegations contained in that paragraph not expressly admitted.

**ADMINISTRATIVE PROCEDURES**

25. TBA denies the allegations contained in Numerical Paragraph 25 of the Complaint as specifically pled.

26. TBA denies the allegations contained in Numerical Paragraph 26 of the Complaint as specifically pled.

27. TBA denies the allegations contained in Numerical Paragraph 27 of the Complaint.

28. TBA denies the allegations contained in Numerical Paragraph 27 of the Complaint.

29. TBA denies the allegations contained in Numerical Paragraph 29 of the Complaint.

30. TBA denies the allegations contained in Numerical Paragraph 30 of the Complaint as specifically pled.

**BACKGROUND**

31. With respect to Numerical Paragraph 31 of the Complaint, TBA admits that its subsidiary, TBTN, operates a manufacturing facility located at 3300 Ridgecrest Road, Jackson, Tennessee, producing components used in the assembly of new motor vehicles for automobile manufacturers. TBA denies the remaining allegations in Numerical Paragraph 31 of the Complaint.

32. With respect to Numerical Paragraph 32 of the Complaint, TBA admits that its principal office is located in Erlanger, Kentucky. TBA denies the remaining allegations in Numerical Paragraph 32 of the Complaint as specifically pled.

33. TBA denies the allegations in Numerical Paragraph 33 as specifically pled.

34. Numerical Paragraph 34 is directed to Defendant TBJT who has filed a motion to dismiss in lieu of an answer, not to TBA, and TBA is not required to respond on TBJT's behalf.

35. With respect to Numerical Paragraph 35 of the Complaint, TBA admits that TBA's Sexual Harassment Policy prohibits harassment against any team member by any other team member, supervisor, or manager. TBA denies any allegations contained in that paragraph not expressly admitted.

36. With respect to Numerical Paragraph 36 of the Complaint, TBA admits it requires supervisors, among other things, to report and take seriously complaints of harassment. TBA denies any allegations contained in that paragraph not expressly admitted.

37. With respect to Numerical Paragraph 37 of the Complaint, TBA admits that its Sexual Harassment Policy, among other things, directs employees to immediately report violations of the Policy to their supervisor, manager, HR, or call the Ethics Point Hotline. TBA denies any allegations contained in that paragraph not expressly admitted.

38. With respect to Numerical Paragraph 38 of the Complaint, TBA admits that TBA, among other things, takes all reported violations of its Sexual Harassment Policy seriously, investigates them, and takes appropriate remedial action, which may include, but is not necessarily limited to termination, when violations are found. TBA denies any allegations contained in that paragraph not expressly admitted.

39. With respect to Numerical Paragraph 39 of the Complaint, TBA admits that its Sexual Harassment Policy subjects any individuals who are determined to have violated the Policy to disciplinary action, up to and including termination of employment. TBA denies any allegations contained in that paragraph not expressly admitted.

40. With respect to Numerical Paragraph 40 of the Complaint, TBA admits that its Team Member Handbook prohibits, among other things, retaliation against team members for making a good faith report of discrimination or harassment or for cooperating or participating in an investigation of s discrimination or harassment complaint. TBA denies any allegations contained in that paragraph not expressly admitted.

41. TBA denies the allegations contained in Numerical Paragraph 41 of the Complaint as pled.

42. TBA, upon information and belief, denies the allegations contained in Numerical Paragraph 42 of the Complaint.

43. TBA, upon information and belief, denies the allegations contained in Numerical Paragraph 43 of the Complaint.

44. TBA, upon information and belief, denies the allegations contained in Numerical Paragraph 44 of the Complaint.

45. TBA, upon information and belief, denies the allegations contained in Numerical Paragraph 45 of the Complaint.

46. TBA denies the allegations contained in Numerical Paragraph 46 of the Complaint, as pled.

47. TBA, upon information and belief, denies the allegations contained in Numerical Paragraph 47 of the Complaint.

48. TBA, upon information and belief, denies the allegations contained in Numerical Paragraph 48 of the Complaint.

49. With respect to Numerical Paragraph 49 of the Complaint, TBA admits that Charging Party No. 1 requested a demotion from the Kaizen Department back to Welding and that she was assigned to report to Scott Walkup in Welding. TBA denies the remaining allegations in Numerical Paragraph 49 of the Complaint.

50. TBA denies the allegations in Numerical Paragraph 50 of the Complaint.

51. TBA denies the allegations in Numerical Paragraph 51 of the Complaint.

52. TBA denies the allegations in Numerical Paragraph 52 of the Complaint.

53. TBA denies the allegations in Numerical Paragraph 53 of the Complaint.

54. TBA denies the allegations in Numerical Paragraph 54 of the Complaint.

55. TBA denies the allegations in Numerical Paragraph 55 of the Complaint.

56. TBA denies the allegations in Numerical Paragraph 56 of the Complaint.

57. TBA admits that Charging Party No. 1 resigned on May 26, 2023, but denies the remaining allegations in Numerical Paragraph 57 of the Complaint

58. TBA denies the allegations contained in Numerical Paragraph 58 of the Complaint as pled.

59. TBA admits that Charging Party No. 2 made the allegations in Numerical Paragraph 59 of the Complaint in her Charge of Discrimination but denies that the allegations are true.

60. TBA denies the allegations in Numerical Paragraph 60 of the Complaint.

61. TBA denies the allegations in Numerical Paragraph 61 of the Complaint.

62. TBA denies the allegations in Numerical Paragraph 62 of the Complaint.

63. TBA denies the allegations in Numerical Paragraph 63 of the Complaint.

64. TBA denies the allegations in Numerical Paragraph 64 of the Complaint.

65. TBA denies the allegations in Numerical Paragraph 65 of the Complaint.

66. TBA denies the allegations in Numerical Paragraph 66 of the Complaint.

67. With respect to Numerical Paragraph 67 of the Complaint, TBA admits that Charging Party No 2 was terminated on December 1, 2023, for bullying and power harassment against an employee of an onsite contractor. TBA denies the remaining allegations in Numerical Paragraph 67 of the Complaint.

68. TBA denies the allegations in Numerical Paragraph 68 of the Complaint.

69. TBA denies the allegations in Numerical Paragraph 69 of the Complaint.

70. TBA has insufficient information at this time to either admit or deny the allegations in Numerical Paragraph 70 of the Complaint, therefore the allegations are denied.

71. TBA has insufficient information at this time to either admit or deny the allegations in Numerical Paragraph 71 of the Complaint, therefore the allegations are denied.

72. TBA has insufficient information at this time to either admit or deny the allegations in Numerical Paragraph 72 of the Complaint, therefore the allegations are denied.

73. TBA has insufficient information at this time to either admit or deny the allegations in Numerical Paragraph 73 of the Complaint, therefore the allegations are denied.

## STATEMENT OF CLAIMS

### I. SEXUAL HARASSMENT CLAIMS OF A CLASS OF AGGRIEVED FEMALES

74. Numerical Paragraph 74 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations in Numerical Paragraph 74 of the Complaint.

75. Numerical Paragraph 75 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations in Numerical Paragraph 75 of the Complaint.

76. TBA denies the allegations in Numerical Paragraph 76 of the Complaint, as specifically pled.

77. TBA denies the allegations in Numerical Paragraph 77 of the Complaint, as specifically pled.

78. TBA denies the allegations in Numerical Paragraph 78 of the Complaint.

79. TBA denies the allegations in Numerical Paragraph 79 of the Complaint.

80. TBA denies the allegations in Numerical Paragraph 80 of the Complaint.

81. TBA denies the allegations in Numerical Paragraph 81 of the Complaint.

82. TBA denies the allegations in Numerical Paragraph 82 of the Complaint.

83. TBA denies the allegations in Numerical Paragraph 83 of the Complaint.

84. TBA denies the allegations in Numerical Paragraph 84 of the Complaint.

85. TBA denies the allegations in Numerical Paragraph 85 of the Complaint.

86. TBA denies the allegations in Numerical Paragraph 86 of the Complaint.

87. TBA denies the allegations in Numerical Paragraph 87 of the Complaint.

88. TBA denies the allegations in Numerical Paragraph 88 of the Complaint.

89. TBA denies the allegations in Numerical Paragraph 89 of the Complaint.

90. TBA denies the allegations in Numerical Paragraph 90 of the Complaint, as specifically pled.

91. TBA denies the allegations contained in Numerical Paragraph 91 of the Complaint.

92. TBA denies the allegations contained in Numerical Paragraph 92 of the Complaint.

93. TBA denies the allegations contained in Numerical Paragraph 93 of the Complaint.

94. TBA denies the allegations contained in Numerical Paragraph 94 of the Complaint.

95. TBA denies the allegations contained in Numerical Paragraph 95 of the Complaint.

96. TBA denies the allegations contained in Numerical Paragraph 96 of the Complaint.

97. TBA denies the allegations contained in Numerical Paragraph 97 of the Complaint.

98. TBA denies the allegations contained in Numerical Paragraph 98 of the Complaint.

99. TBA denies the allegations contained in Numerical Paragraph 99 of the Complaint.

100. Numerical Paragraph 100 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 100 of the Complaint.

101. Numerical Paragraph 101 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 101 of the Complaint.

102. Numerical Paragraph 102 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 102 of the Complaint.

103. Numerical Paragraph 103 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 103 of the Complaint.

104. Numerical Paragraph 104 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 104 of the Complaint.

105. Numerical Paragraph 105 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 105 of the Complaint.

106. Numerical Paragraph 106 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 106 of the Complaint.

## II. RETALIATION CLAIM

107. Numerical Paragraph 107 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 107 of the Complaint.

108. TBA denies the allegations contained in Numerical Paragraph 108 of the Complaint.

109. TBA denies the allegations contained in Numerical Paragraph 109 of the Complaint.

110. TBA denies the allegations contained in Numerical Paragraph 110 of the Complaint.

111. With respect to Numerical Paragraph 111 of the Complaint, TBA admits that Fredericka Smith reported that a supervisor made the comment, "I always want to see you on your knees." TBA denies any allegations contained in that paragraph not expressly admitted.

112. TBA denies the allegations contained in Numerical Paragraph 112 of the Complaint as specifically pled.

113. TBA denies the allegations contained in Numerical Paragraph 113 of the Complaint.

114. TBA denies the allegations contained in Numerical Paragraph 114 of the Complaint.

115. TBA has insufficient information at this time to either admit or deny the allegations in Numerical Paragraph 115 of the Complaint, therefore the allegations are denied.

116. TBA has insufficient information at this time to either admit or deny the allegations in Numerical Paragraph 116 of the Complaint, therefore the allegations are denied.

117. TBA has insufficient information at this time to either admit or deny the allegations in Numerical Paragraph 117 of the Complaint, therefore the allegations are denied.

118. TBA denies the allegations contained in Numerical Paragraph 118 of the Complaint as specifically pled.

119. TBA denies the allegations contained in Numerical Paragraph 119 of the Complaint.

120. With respect to Numerical Paragraph 111 of the Complaint, TBA admits Akedra McKinnie and Fredericka Smith reported to one same male during at least some of their employment. TBA denies any allegations contained in that paragraph not expressly admitted.

121. With respect to Numerical Paragraph 121 of the Complaint, TBA admits that McKinnie made a complaint, in July 2024, that her supervisor made comments about her or to her. TBA denies any allegations contained in that paragraph not expressly admitted.

122. With respect to Numerical Paragraph 122 of the Complaint, TBA admits that McKinnie made a complaint, in July 2024, that her supervisor made comments about her or to her. TBA denies any allegations contained in that paragraph not expressly admitted.

123. With respect to Numerical Paragraph 123 of the Complaint, TBA admits that McKinnie received attendance points following her complaint but denies that the attendance points were related to her complaint. TBA denies any allegations contained in that paragraph not expressly admitted.

124. TBA denies the allegations contained in Numerical Paragraph 124 of the Complaint.

125. With respect to Numerical Paragraph 125 of the Complaint, TBA admits that McKinnie was terminated in May 2025 for attendance. TBA denies any allegations contained in that paragraph not expressly admitted.

126. TBA denies the allegations contained in Numerical Paragraph 126 of the Complaint.

127. Numerical Paragraph 127 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 127 of the Complaint.

128. Numerical Paragraph 128 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 128 of the Complaint.

129. Numerical Paragraph 129 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 129 of the Complaint.

## III. CONSTRUCTIVE DISCHARGE CLAIM

130. Numerical Paragraph 130 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 130 of the Complaint.

131. Numerical Paragraph 131 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 131 of the Complaint.

132. TBA denies the allegations contained in Numerical Paragraph 132 of the Complaint.

133. TBA denies the allegations contained in Numerical Paragraph 133 of the Complaint.

134. TBA denies the allegations contained in Numerical Paragraph 134 of the Complaint.

135. With respect to Numerical Paragraph 135 of the Complaint, TBA admits that Barlow resigned her employment with TBTN in January 2022. TBA denies any allegations contained in that paragraph not expressly admitted.

136. Numerical Paragraph 136 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 136 of the Complaint.

137. Numerical Paragraph 137 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 137 of the Complaint.

138. Numerical Paragraph 138 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 138 of the Complaint.

139. Numerical Paragraph 139 of the Complaint gratuitously asserts a legal conclusion to which no answer is required. To the extent an answer may be required, TBA denies the allegations contained in Numerical Paragraph 139 of the Complaint.

140. Any allegations not expressly admitted, denied, or explained by TBA are hereby denied by TBA.

141. TBA denies that the EEOC is entitled to the relief or remedies requested in Paragraphs A through J of the Prayer for Relief, or to relief or remedy of any kind, whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

1. TBA was not and is not the employer of any of the individuals identified or described in the Complaint and, therefore, cannot be held liable for the alleged violations set forth in the Complaint.

2. TBA was not and is not a Joint Employer, Integrated Enterprise, or Agent for the employer of the individuals identified or described in the Complaint and, therefore, cannot be held liable for the alleged discriminatory or retaliatory actions set forth in the Complaint.

3. The EEOC failed to satisfy conditions precedent to filing this action, as it failed to conciliate in good faith.

4. EEOC cannot recover make-whole relief for individuals whose underlying claims are based on discrete discriminatory acts that occurred outside the 300-day window prior to the administrative charge.

5. Plaintiff has failed to name a necessary party (i.e., TBTN).

6. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted by the Court.

7. The allegedly aggrieved persons were "at will" employees and were not employed pursuant to a contract of employment that limited their terminable at-will status in any manner, including any limitation on terminating employment pursuant to a specific time frame or under the condition of any "for cause" basis. TBA's documents and employment policies contain disclaimer language negating the formation of any contract of employment or alteration of the employment at-will relationship.

8. Plaintiff cannot establish a *prima facie* case of unlawful sexual harassment, discrimination, or retaliation under Title VII of the Civil Rights Act of 1964, as to any or all allegedly aggrieved persons. Even if Plaintiff could set forth the elements of a *prima facie* case of sexual harassment, discrimination, or retaliation, Plaintiff could not prove the legitimate, non-discriminatory and non-retaliatory reasons for TBA's actions were pretextual.

9. To the extent TBA took any employment action affecting any allegedly aggrieved person, that action was undertaken in good faith and for legitimate, nondiscriminatory, and nonretaliatory reasons. All TBA managerial actions affecting any allegedly aggrieved person were undertaken and exercised with good cause and for proper, lawful business reasons and necessity, which were not a pretext for discrimination, harassment, or retaliation.

10. To the extent TBA took any action affecting any allegedly aggrieved person, all such actions were in good faith without malice or reckless desire to harm any such person.

11. TBA has at all times acted in good faith to comply with Title VII and all other applicable equal employment laws and acted with reasonable grounds to believe that its actions did not violate the statutes cited in Plaintiff's Complaint or any other equal employment laws. TBA asserts a lack of willfulness or intent to violate those statutes as a defense to any claim by Plaintiff for punitive damages.

12. The compensatory and punitive damages claims made by Plaintiff are subject to the limitations in 42 U.S.C.§1981a(b)(3).

13. Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, estoppel, equitable estoppel, unclean hands, consent, laches, fraud, accord and satisfaction, unjust enrichment, and/or any other equitable defense, bar, prohibition and/or limitation upon recovery of any kind or nature, whether existing in statute and/or by common law.

14. If any allegedly aggrieved person suffered any damages, which TBA denies, such damages were proximately and legally caused by that person's unreasonable failure to comply with or avail herself of TBA's lawful policies, procedures, requests, and terms and conditions of employment.

15. The Complaint and/or the relief requested therein are barred, in whole or in part, because the allegedly aggrieved persons unreasonably failed to take appropriate steps to seek relief through TBA's lawful internal procedures or to otherwise avoid harm.

16. The Complaint and/or the relief requested therein are barred, in whole or in part, under the after-acquired evidence doctrine.

17. TBA affirmatively alleges that the EEOC's claims are barred, in whole or in part, to the extent those claims exceed the scope of the charges, investigation, reasonable-cause determination, or conciliation process as required by Title VII.

18. Plaintiff is not permitted to recover a combined total of more than $300,000.00 in compensatory and punitive damages under Title VII and the Americans with Disabilities Act of 1990. 42 U.S. Code § 1981a(b)(3).

19. Any claims for relief asserted by Plaintiff on behalf of Charging Party No. 1 and Charging Party No. 2 are barred by the Settlement Agreement, General Waiver, and Release signed by each Charging Party.

20. To the extent any individual for whom Plaintiff is seeking equitable relief, namely back pay or front pay, failed to mitigate their damages, their claims or remedies are diminished or barred. Any damages alleged by Plaintiff must be offset by interim earnings and any other pay benefits as required by law.

21. To the extent any individual for whom Plaintiff is seeking equitable relief, namely back pay or front pay, resigned their employment they have failed to mitigate their damages and are not entitled to recover back pay or front pay.

22. If any allegedly aggrieved person suffered any damages, which TBA denies, such damages were proximately and legally caused by the misconduct and fault of that person or parties other than TBA.

23. Even if the Plaintiff could prove a retaliatory or discriminatory motive to support its claims, which TBA denies exists, Plaintiff's claims fail in whole or in part because TBA would have made the same employment decisions notwithstanding any alleged unlawful motive.

24. TBA may not be held vicariously liable for punitive damages based on unlawful employment actions taken by a separate entity or by TBA's managerial agents, if any are proven, because any such unlawful actions were contrary to TBA's policies and good-faith efforts to comply with the law.

25. Plaintiff is not entitled to recover punitive damages with respect to its claims under Title VII, under the standards set forth in *Kolstad v. American Dental Association* 527 U.S. 526 (1999).

26. Plaintiff is not entitled to recover punitive damages, as a Constitutional matter. Moreover, TBA's actions were not willful, malicious, recklessly indifferent, or without justification. To the extent Plaintiff seeks to make TBA liable for punitive damages, TBA adopts by reference whatever defenses, criteria, limitations, and standards are mandated by the United States Supreme Court's decision in *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996). There are no adequate safeguards with respect to the imposition of punitive damages against TBA as presently applied to meet the requirements of due process of law under the Fourteenth Amendment of the Constitution of the United States. Accordingly, the imposition of punitive damages against TBA also would violate the Fourteenth Amendment of the Constitution of the United States.

27. Plaintiff's claims are barred in whole or in part because TBA exercised reasonable care to prevent and properly correct any alleged discriminatory, harassing, or retaliatory behavior, to the extent any unlawful behavior occurred, and/or the individuals who were allegedly subject to acts of sexual harassment unreasonably failed to take advantage of preventative corrective opportunities.

28. TBA reserves the right to assert additional affirmative defenses that may become available or apparent through discovery. TBA, therefore, incorporates by reference each and every affirmative defense available under Fed. R. Civ. P. 8(c) and 12(b) which discovery or trial may reveal to be appropriate, and TBA expressly reserves the right to amend and supplement its Answer, file further pleadings, and assert additional claims and defenses, as supported by the evidence during and following discovery.

WHEREFORE, TBA respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that TBA be awarded its costs, expenses, and reasonable attorneys' fees incurred in the defense of this action pursuant to 42 U.S.C. § 2000e-5(k). *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).

Dated this the 31st day of August 2026.

Respectfully submitted,

FISHER & PHILLIPS LLP

By: J. Gregory Grisham

J. Gregory Grisham (TN BPR#013810)
Nakota G. Wood (TN BPR#041462)
1715 Aaron Brenner Drive Suite 312
Memphis, Tennessee 38120
(901) 526-0431 – telephone
(901) 526-8183 – facsimile
ggrisham@fisherphillips.com
nwood@fisherphillips.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been electronically filed with the Clerk of Court using the eFiling system. A copy of the foregoing has also been sent via electronic mail to the following:

CATHERINE L. ESCHBACH
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

FAYE A. WILLIAMS
Regional Attorney TN Bar No. 011730
faye.williams@eeoc.gov

MARKEISHA K. SAVAGE
Assistant Regional Attorney TN Bar No. 24693
markeisha.savage@eeoc.gov

DONNIE SNOW
Trial Attorney TN Bar No. 030585
Donnie.snow@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Memphis District Office
200 Jefferson Avenue, Suite 1400
Memphis, TN 38103

*Counsel for Plaintiff*

J. Gregory Grisham