**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) |
| **Plaintiff,** | ) **CIVIL NO.: 1:26-cv-01139-JDB-jay** |
| **v.** | ) |
| **TOYOTA BOSHOKU JACKSON TENNESSEE, LLC f/k/a TOYOTA BOSHOKU of TENNESSEE, and TOYOTA BOSHOKU AMERICA, INC.** | ) **JURY TRIAL DEMAND** |
| **Defendants.** | ) |

**MEMORANDUM SUPPORTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (Commission) moves to amend its Complaint in this matter under Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1 for the Western District of Tennessee. The Commission filed this Title VII enforcement action June 30, 2026, alleging sexual harassment, retaliation, and constructive discharge affecting current and former female employees at a manufacturing facility located at 3300 Ridgecrest Road in Jackson, Tennessee. The Complaint named Toyota Boshoku Jackson Tennessee (TBJT) and Toyota Boshoku America, Inc. (TBA) as Defendants and described TBJT as formerly known as ("f/k/a") Toyota Boshoku of Tennessee (TBTN). (Dkt. 1)

The documents subsequently presented by TBJT along with other documents located by the Commission, establish TBJT and TBTN are separate entities. Records from Tennessee's

Secretary of State identifies TBJT's principal office as 1410 U.S. Highway 70 Bypass, Jackson, Tennessee, while identifying TBTN's principal office as 3300 Ridgecrest Road Extended – the facility at which the Complaint alleges unlawful employment practices occurred. While different addresses do not necessarily mean the business entities are sufficiently distinct and unrelated, after further investigation by the Commission it appears that TBJT and TBTN serve different roles within the Toyota Boshoku universe. (Dkt. 8).

The Commission therefore seeks leave to correct the pleading. The proposed First Amended Complaint removes TBJT, adds TBTN, and otherwise maintains the claims arising from the employment practices already alleged. This targeted amendment accords with Rule 15's liberal amendment policy, causes no undue prejudice, and cures the party-identification issue presented by the pending motion to dismiss.

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

The Commission's Complaint alleges the challenged conduct occurred at the Toyota Boshoku's manufacturing facility located at 3300 Ridgecrest Road in Jackson, Tennessee. The Complaint further alleges that the defendants subjected female employees at that facility to a sexually hostile work environment, retaliated against employees who opposed or reported harassment, and constructively discharged certain employees. (Dkt. 1, PageID 5.)

The administrative materials identify TBTN and TBA as Defendants and identify 3300 Ridgecrest Road as the relevant employment location. One charge named Toyota Boshoku Tennessee (TBTN) and provides the 3300 Ridgecrest Road address. A second charge likewise identifies a Toyota Boshoku entity at 3300 Ridgecrest Road. The Commission's notice regarding the second charge was addressed to TBTN at the Ridgecrest Road location. (Dkt. 8-2, PageID 58).

On July 15, 2026, TBJT advised the Commission that based upon the Ridgecrest Road address, TBJT was not the employer associated with the alleged unlawful events and that TBTN was the proper entity. TBJT later supplied unverified business records from the Tennessee Secretary of State distinguishing the entities' addresses and renewed the request to remove TBJT and identify TBTN in its stead. (Dkt. 8-2, PageID 70). On August 31, 2026, TBJT moved to dismiss the claims against it, contending that the Complaint named the wrong Toyota Boshoku entity and expressly asserted TBTN is the proper defendant. This is consistent with information found by the Commission suggesting although TBJT and TBTN are both located in Jackson, Tennessee, they serve different roles within the Toyota Boshoku family of businesses. The Commission now seeks leave to amend its Complaint consistent with TBJT's representations and the Commission's subsequent findings. (Dkt. 8, PageID 25-26).

## III. LEGAL STANDARD

When amendment is no longer available as a matter of course, Rule 15(a)(2) permits that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be freely given.") (internal quotations omitted).

When evaluating the interests of justice, courts consider factors such as "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell,* 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste,* 39 F.3d

125, 130 (6th Cir. 1994)). Notice and substantial prejudice are critical considerations. *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).

None of these factors provides a basis for denying leave to amend at this early stage of litigation. There is no initial scheduling order in this case, thus the instant motion is filed before any deadline for amending pleadings. There is no bad faith as Defendants seek the same remedy. There is no lack of notice or prejudice to Defendants as this case is still in the beginning stages of litigation. And the proposed amendment is not futile, as discussed further below.

## IV. ARGUMENT

### A. Amendment of the Commission's Complaint corrects the identity of the proper Toyota Boshoku defendant.

The original Complaint consistently locates the alleged unlawful employment practices at 3300 Ridgecrest Road in Jackson, Tennessee. Tennessee Secretary of State records identify TBTN – not TBJT – as the entity whose principal and mailing addresses are at that location. The administrative charge materials similarly identify TBTN and that same facility. (Dkt. 8-2, PageID 44).

The proposed amendment conforms the pleading to those materials. It removes TBJT and substitutes TBTN while preserving the existing allegations concerning the same facility, employment practices, affected employees, and requested relief. It therefore corrects the identity of the Toyota Boshoku subsidiary entity responsible for the alleged unlawful conduct already placed at issue in the original Complaint.

This is a mistake concerning the proper party's identity, not an attempt to replace an unknown defendant or introduce unrelated claims. The Supreme Court recognized that a mistake occurs when a plaintiff knows that multiple entities exist but sues the wrong one because of a misunderstanding concerning the entities' respective status or roles. "That kind of deliberate but

mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549 (2010). That principle fits the proposed correction: the original pleading incorrectly treated TBJT and TBTN as the same entity, while the Tennessee Secretary of State's records show they are distinct entities associated with different street addresses in the same city and other information shows the two entities serve different roles.

**B. There is no undue delay, bad faith, or repeated failure to cure.**

The Commission seeks a focused amendment in response to the entity information supplied by TBJT, the issue raised in TBJT's pending motion, and the subsequently located information that distinguishes the role of TBJT. The proposed amendment does not expand the factual scope of the action. It instead accepts the identification of TBTN as the proper entity and removes TBJT.

Nothing about the amendment reflects bad faith or a dilatory purpose. Nor is there any repeated failure to cure the same pleading defect through prior amendments. The proposed First Amended Complaint is the Commission's first requested amendment and directly addresses the corporate-identity issue now before the Court.

Although TBJT first raised the issue after the Complaint was filed, delay alone is not a sufficient basis to deny amendment. Notice and substantial prejudice remain the critical considerations. *Jellico Housing Authority* at 1123. Here, the amendment preserves the same substantive controversy and narrows the party dispute rather than enlarging it.

**C. Amendment of the Commission's Complaint will not cause undue prejudice.**

The proposed amendment does not add a new theory of liability or rely on different alleged employment practices. The same 3300 Ridgecrest Road facility, time period, charging parties, class members, and alleged conduct remain at issue.

Additionally, TBTN was also identified during the administrative proceedings as one of the alleged discriminating entities and TBJT's own motion states that TBTN is the proper defendant. These circumstances substantially reduce any claim of unfair surprise arising from the substitution. (Dkt. 8-1, PageID 29.)

**D. The proposed amendment of the Commission's Complaint is not futile.**

The proposed amendment addresses the precise defect asserted in the pending motion to dismiss. TBJT argues that it is not the employer connected to the facility or conduct alleged in the Complaint and that TBTN is the proper defendant. The proposed First Amended Complaint removes TBJT and substitutes the entity that the administrative materials, public business records, and defense submissions identify as associated with the relevant facility. (Dkt. 8-1, PageID 33).

The proposed pleading therefore does not perpetuate the asserted wrong-party defect. It corrects that defect by naming the entity identified in the administrative charges and by TBJT as the proper defendant.

**E. The substitution of TBTN relates back under FRCP 15(c).**

Rule 15(c)(1)(C) permits an amendment changing the defendant when the amended claim arises from the conduct, transaction, or occurrence set out in the original pleading and, within the Rule 4(m) service period, the party to be added received notice of the action sufficient to avoid prejudice and knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity. *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 317 (6th Cir. 2010). The Supreme Court directs courts to begin with what the prospective defendant knew or should have known during that period, not with what the plaintiff knew or should have known when filing. *Costa Crociere* at 546.

The same-conduct requirement is satisfied. The proposed First Amended Complaint preserves the same Title VII claims, alleged employment practices, affected employees, relevant period, and 3300 Ridgecrest Road facility described in the original Complaint; it changes only the identity of the Toyota Boshoku subsidiary entity associated with that facility. The original Complaint itself placed the alleged events at that facility, while the materials submitted with TBJT's motion identify TBTN as the entity associated with that address. (Dkt. 8-1, PageID 29).

The available circumstances also support notice to TBTN within the Rule 4(m) period. The Sixth Circuit recognizes that constructive notice may satisfy Rule 15(c), and that a sufficiently close relationship between an original defendant and the proposed defendant may permit notice to be imputed. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). The Sixth Circuit has likewise directed district courts to determine whether related corporate entities received actual notice or were situated so that the proposed defendant knew or should have known it was the intended party. *Ringrose v. Engelberg Huller Co.*, 692 F.2d 403, 405 (6th Cir. 1982).

Here, the Commission filed the Complaint on June 30, 2026, and sent waiver-of-service correspondence to the named defendants' registered agents on July 1; the correspondence was received on July 9. By July 15, counsel appearing for the named Toyota Boshoku defendants had identified TBTN as the employer of the charging parties and requested that the Commission dismiss TBJT and proceed against TBTN instead. That prompt, specific identification of TBTN – during the Rule 4(m) period and in direct response to this action – supports the inference that the filed action and the corporate-identification error were known through the Toyota Boshoku entities' defense team in time for TBTN to preserve its defense. Because the proposed amendment leaves the underlying controversy unchanged, the notice was sufficient to avoid prejudice in defending the merits. (Dkt. 8-1, PageID 29).

The administrative proceedings reinforce that conclusion, although the Commission does not rely on them as a substitute for notice of the filed action. At least one of the charges of discrimination identified TBTN as an employer and/or identified 3300 Ridgecrest Road as the relevant workplace. TBJT likewise represented that the charges of discrimination listed that Ridgecrest Road address as one of the employer's place of business and that at least one charging party named TBTN as the employer. Thus, when Toyota Boshoku received the filed action during the Rule 4(m) period, TBTN had already been identified in the administrative matter as one of the employers connected to the same facility and claims. Those proceedings bear directly on the absence of unfair surprise and on whether TBTN could preserve a merits defense. (Dkt. 8-2, PageID 58).

The mistake requirement is independently satisfied. The Supreme Court defines a Rule 15(c) mistake to include an error, misconception, misunderstanding, or erroneous belief, and it holds that knowledge of a prospective defendant's existence does not defeat relation back when the plaintiff misunderstood that entity's status or role. *Costa Crociere* at 549. The original Complaint named TBJT as formerly known as Toyota Boshoku of Tennessee and alleged that the named defendants operated the 3300 Ridgecrest Road facility, while TBJT later asserted that TBTN – not TBJT – was the employer associated with that facility. The proposed amendment therefore corrects a misunderstanding about which Toyota Boshoku subsidiary entity occupied the pleaded employer role; it does not attempt to identify a previously unknown defendant. (Dkt. 8-1, PageID 29).

That distinction answers the Sixth Circuit's adverse "John Doe" line of authority. The Sixth Circuit has reaffirmed that a plaintiff's lack of knowledge about whom to sue is not a Rule 15(c) mistake, even if the later-named defendant had constructive notice. *Zakora v. Chrisman (In re Est.*

*of Zakora)*, 44 F.4th 452, 481 (6th Cir. 2022). But this case does not involve an unknown defendant or a placeholder. The Commission identified the intended employer, facility, and controversy from the outset and used the wrong corporate name because it treated TBJT and Toyota Boshoku of Tennessee as the same entity. Under the Supreme Court's corporate-misidentification analysis, the relevant question is whether TBTN should have understood that it escaped the original caption only because the Commission misunderstood a crucial fact about TBJT's role and relationship to TBTN. *Costa Crociere* at 549. (Dkt. 8, PageID 25).

The answer is "yes." The Complaint targeted the Toyota Boshoku employer operating the 3300 Ridgecrest Road facility; TBTN's business record lists that facility as its principal and mailing address; the administrative materials identified TBTN in connection with the same workplace; and defense counsel promptly identified TBTN as the proper defendant after suit was filed. These circumstances support notice without prejudice and show that TBTN knew or should have known during the Rule 4(m) period that it would have been named but for the Commission's corporate-identification mistake. The substitution therefore relates back to June 30, 2026. (Dkt. 8-1, PageID 29).

**F. Amendment of the Commission's Complaint cures the wrong-party issue raised in TBJT's pending motion to dismiss.**

TBJT's pending motion asks the Court to dismiss it because TBTN is the proper Toyota Boshoku defendant. The proposed amendment provides that relief by removing TBJT from the action and substituting TBTN. (Dkt. 8, PageID 25.)

Once the First Amended Complaint is filed, no claim will remain pending against TBJT. The proposed amendment therefore eliminates the pleading defect underlying the dismissal request

and permits the case to proceed against the entity identified by the administrative materials and defense submissions as the proper defendant.

## V. CONCLUSION AND PRAYER FOR RELIEF

For these foregoing reasons, the Commission respectfully requests that the Court:

1. Grant the Commission leave to file the proposed First Amended Complaint attached as "Exhibit A" to the contemporaneously filed Motion for Leave to Amend;
2. And deny as moot TBJT's pending motion seeking dismissal of the claims against TBJT after the Commission files its First Amended Complaint.

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730
faye.williams@eeoc.gov

MARKEISHA K. SAVAGE
Assistant Regional Attorney
TN Bar No. 24693
markeisha.savage@eeoc.gov

s/ *Donnie Snow*
DONNIE SNOW
Trial Attorney
TN Bar No. 030585
donnie.snow@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
200 Jefferson Avenue, Suite 1400
Memphis, TN 38103
(901) 701-6445

GARY SULLIVAN
Assistant Regional Attorney
AR Bar No. 92051
gary.sullivan@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Little Rock Area Office
820 Louisiana St., Ste. 200
Little Rock, AR 72201
Telephone: (501) 900-6140